PROB 12C
(6/16)

Report Date:  December 3, 2019

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 04, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Rocky J. Fogler                Case Number: 0980 1:14CR02083-LRS-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: June 9, 2015

Original Offense:        Felon in Possession of a Firearm and Ammunition,
                         18 U.S.C. §§ 922(g)(1) and 924(a)(2)

Original Sentence:       Prison - 46 months          Type of Supervision: Supervised Release
                         TSR - 36 months

Revocation Sentence:     Prison - 4 months
(January 28, 2019)       TSR - 32 months

Asst. U.S. Attorney:     Thomas J. Hanlon            Date Supervision Commenced: February 9, 2019

Defense Attorney:        Paul Shelton                Date Supervision Expires: October 8, 2021

---

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Mandatory Condition #1**: You must not commit another federal, state, or local crime. |

**Supporting Evidence**: Mr. Fogler is considered to be in violation of his supervised release conditions by being arrested on November 15, 2019, for: possession of a controlled substance with intent to deliver, possession of a controlled substance, use of drug paraphernalia, having burglar tools, and driving with no valid driver's license, Yakima County Superior Court cause number 19-1-02200-39.

On March 11, 2019, this officer met with Mr. Fogler upon his release from custody.  Mr. Fogler reviewed and signed the judgment and sentence, which outlines the conditions of his term of supervised release.

On November 15, 2019, per Union Gap Police Department incident report numbers 19U006372 and 19X00190, at approximately 7:21 a.m., a Union Gap police officer was southbound in the 2100 block of South Fifth Avenue, in the City of Union Gap.  The officer observed a vehicle parked on the shoulder in the 2100 block of South Fifth Avenue, with the passenger side door open.  The vehicle appeared to be unoccupied.  The officer checked the

**Prob12C**
**Re: Fogler, Rocky J**
**December 3, 2019**
**Page 2**

vehicle's, Washington State license plate number BKD0031, to inquire if it was stolen. The vehicle was not stolen; however, the department of licensing showed the vehicle's tabs expired on June 22, 2019. As the officer passed the vehicle, he noticed it was occupied by a driver only.

The officer continued to patrol the area. Within a few minutes, he observed the vehicle eastbound on Walla Walla Street from South Fifth Avenue. The driver saw the officer, quickly accelerated the vehicle and turned northbound onto South Fourth Avenue. The officer caught up to the vehicle and activated his vehicle's overhead emergency lights. The vehicle came to a stop in the 2100 block of South Fourth Avenue. As the vehicle stopped, the driver quickly exited the vehicle and appeared as if he wanted to run. The officer ordered the subject to stop and to return to the vehicle. The subject was yelling, but the officer was unable to make out what he was saying. After ordering him back into the vehicle a few times, he finally complied. The officer contacted the subject and informed him of the reason for the stop. When the subject spoke he mumbled and grunted. The officer believed the subject to be deaf. From past contacts, the officer believed the subject to be Rocky Fogler, who is deaf and a known felon.

The driver was later identified as Rocky J. Fogler by his social security card. The officer looked right at Rocky and asked him for his driver's license or identification (ID) card. He clearly understood the officer's instructions, removed his wallet and looked inside. After a few seconds, he showed the officer his wallet and indicated he did not have a driver's license or ID card.

The officer informed Mr. Fogler he was under arrest for no valid driver's license without ID. The officer told him to exit the vehicle. Mr. Fogler wanted to argue and refused to exit. The officer took a hold of Mr. Fogler's left arm and removed him from the vehicle. He was placed into a handcuffing position, and handcuffed. The handcuffs were put on correctly and double locked.

During the search incident to arrest, the officer located two clear plastic baggies in Mr. Fogler's left jacket pocket. One baggie contained a crystal like substance and the second baggie contained an off-white, powder like substance. He also located a small amount of a brown, tar like substance wrapped in plastic.

From the officer's training and experience, he believed the substance to be suspect methamphetamine and heroin. The suspect methamphetamine and heroin were removed from Mr. Fogler's person and secured in the officer's patrol vehicle. At this time, The officer contacted a detective with the Law Enforcement Against Drugs (LEAD) task force.

Mr. Fogler also had two different keys on his person. Both keys were for Honda vehicles; however, Mr. Fogler was driving a Kia. The keys had marks where you could see the keys had been shaved down making them thinner. The detective knew through his training and experience that automobile thieves will often take keys, and shave them down so they can be shoved into ignitions, at which point the keys are "bounced" in the ignition as a way to defeat the ignition. The common street name for these keys is "shaved keys." The detective knew these to be used in the theft of automobiles and are used as burglary tools.

The detective requested the vehicle be impounded for a search warrant. The vehicle was secured with evidence tape, towed to the Yakima County Sheriff's Department and followed by the officer.

Prob12C
**Re: Fogler, Rocky J**
**December 3, 2019**
**Page 3**

The U.S. Probation Office was contacted by the LEAD task force and provided the above-noted information on Mr. Fogler. A search of the vehicle was conducted by U.S. probation officers with the assistance of the LEAD task force. A backpack was located in the passenger seat of the vehicle and inside the backpack were two debit cards belonging to Mr. Fogler. There was also a functional digital scale.

Mr. Fogler was booked into the Yakima County Jail and the following charges were requested: possession of a controlled substance with intent to deliver, possession of a controlled substance, use of drug paraphernalia, having burglar tools, and driving with no valid driver's license, Yakima County Superior Court cause number 19-1-02200-39.

On December 2, 2019, Mr. Fogler was arraigned in Yakima County Superior Court on cause number 19-1-02200-39 and charged with two counts of possession of a controlled substance with intent to deliver and one count for having burglar tools.

2    **Mandatory Condition #2**: You must not unlawfully possess a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Mr. Fogler is considered to be in violation of his conditions of supervision by possessing controlled substances: methamphetamine and heroin on November 15, 2019.

On March 11, 2019, this officer met with Mr. Fogler upon his release from custody. Mr. Fogler reviewed and signed the judgment and sentence, which outlines the conditions of his term of supervised release.

As mentioned above in violation number 1, on November 15, 2019, Mr. Fogler was arrested by Union Gap Police for being in possession of controlled substances, methamphetamine and heroin.

During the search incident to arrest, an officer from the Union Gap Police Department located two clear plastic baggies in Mr. Fogler's left jacket pocket. One baggie contained a crystal like substance and the second baggie contained an off-white, powder like substance. He also located a small amount of a brown, tar like substance wrapped in plastic. One baggie weighed approximately 15 grams and the other 5 grams. The small amount of suspected heroin weighed approximately 0.3 grams.

3    **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Mr. Fogler is considered to be in violation of his supervised release conditions by failing to report to the U.S. Probation Office on November 14, 2019.

On March 11, 2019, this officer met with Mr. Fogler upon his release from custody. Mr. Fogler reviewed and signed the judgment and sentence, which outlines the conditions of his term of supervised release.

**Prob12C**
**Re: Fogler, Rocky J**
**December 3, 2019**
**Page 4**

On October 30, 2019, Mr. Fogler reported to the U.S. Probation Office accompanied by his mother, Misty Barnes.  Mr. Fogler was instructed to report in person, weekly, to the U.S. Probation Office, on Thursdays.

On November 14, 2019, this officer contacted Ms. Barnes and let her know this officer could visit Mr. Fogler at his residence rather than having him make a trip to the office.  Ms. Barnes stated she was working and had no way to communicate with Mr. Fogler.  Mr. Fogler was expected to report in person and failed to do so.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    December 3, 2019

s/Arturo Santana

Arturo Santana
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[✔]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

12/04/2019

Date